The Honorable Larry Teague State Representative P.O. Box 903 Nashville, AR 71852-0903
Dear Representative Teague:
This is in response to your request for an opinion of the following question:
 If a parcel of real property is sold before October 10 and the seller is delinquent in the payment of his personal property taxes, does Act 994 of 1999 require the collector to collect both delinquent personal and current personal property taxes at the time of closing even though the October 10 deadline for payment of the current taxes has not yet been reached?
RESPONSE
It is my opinion that in accordance with the provision added to A.C.A. §26-35-601 by Act 994 of 1999, the collector must accept payment of real estate taxes due on a parcel of property at the time the ownership of the property is being transferred if the seller has paid all delinquent
personal property taxes. See A.C.A. § 26-35-601(c)(3) (Supp. 1999). Thus, in my opinion, the answer to your question is "no," because §26-35-601(c)(3) only speaks in terms of "delinquent" personal property taxes.
Prior to Act 994 of 1999, general real estate taxes could not be paid at the time of closing, i.e., at the time of transfer of ownership, unless the seller's personal property taxes then due and owing, as reflected by the collector's records, were paid.[1] This included both delinquent personal property taxes and those currently owing but not yet delinquent.See Op. Att'y Gen. 97-126. Subsection (c)(3) of A.C.A. § 26-35-601, which was added by Act 994 (entitled "AN ACT TO ALLOW A CLOSING AGENT OR ABSTRACT COMPANY TO PAY REAL PROPERTY TAXES AT THE TIME THE OWNERSHIP OF THE PROPERTY IS BEING TRANSFERRED . . ."), now provides:
 Notwithstanding the other provisions of this section, a collector shall accept payment of general real estate taxes on a parcel of property at the time the ownership of the property is being transferred if the taxpayer transferring title to the property has paid all delinquent personal property taxes.
A.C.A. § 26-35-601(c)(3) (Supp. 1999) (emphasis added).
With regard your specific question, therefore, it seems clear that the seller's delinquent personal property taxes must be paid in order for the collector to collect, at closing, the real estate taxes on the property. This is an accordance with the plain language of § 26-35-601(c)(3),supra. The collector is not required, however, to also collect the seller's current personal property taxes. Such a requirement could easily have been imposed had the legislature so intended.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:eaw/cyh
[1] This was in accordance with A.C.A. § 26-35-601 (a) and (b), which provide as follows:
 (a) All collectors in this state shall be charged with the responsibility of collecting personal property taxes shown to be due by the taxpayer as reflected by the records in the collector's office at the time the taxpayer pays the general taxes due on real estate.
 (b) Any collector willfully accepting payment of general real estate taxes without requiring the payment of personal taxes due as reflected by the records in his office shall be deemed guilty of a misdemeanor. . . .